[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, George W. Cooke, Judd Square Associates, Whetstone Mills Limited Partnership, 2105 State Street Corp., and CT Page 8014 Silversmiths Park, have applied for a temporary injunction prohibiting the defendants, Bank of Boston Connecticut and Bank of Boston Corp. ("the bank"), from pursuing foreclosure proceedings, collecting rents, or seeking appointment as a receiver of rents as to certain of the plaintiffs' properties on which the bank holds mortgages.
The plaintiffs claim that the bank indicated that it would provide financing for certain projects but then refused to do so, and that the unexpected denial of financing caused the collapse of the plaintiffs' ventures.
The plaintiffs seek an injunction against two foreclosure proceedings pending against the properties in this court and in another judicial district until such time as its claims in this action are adjudicated.
To obtain temporary injunctive relief, a plaintiff must show clearly that protectable interests are at stake, that it has a reasonable certainty of success on the merits of the claim, and that unless injunctive relief is granted it will suffer irreparable injury for which it lacks an adequate remedy at law. Berin v. Olson, 183 Conn. 337, 340 (1981); Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3 (1977).
The court bifurcated the hearing on the plaintiffs' application, hearing at the initial stage only that evidence on which the plaintiffs rely as to their claims of the irreparability of their injury and the lack of an adequate remedy at law. The plaintiffs failed to demonstrate that they satisfy either of these prerequisites to entitlement to preliminary injunctive relief.
The gravamen of the plaintiffs' claim is that the bank led them to believe it would furnish financing and then refused to do so. The financial harm claimed to have flowed from the conduct of the bank is measurable in terms of money damages, either as the differential between the expected financing and the substitute financing found or, perhaps, as the amount of the monetary damages suffered by the plaintiffs as a consequence of denial of financing at a time when financing was not available from other sources. "Irreparable injury" is injury that cannot be measured by a pecuniary standard. Connecticut Ass'n. of Clinical Laboratories-Connecticut Blue Cross, Inc., 31 Conn. Sup. 110,113-14 (1973). While the claimed financial injury to the plaintiffs may be difficult to measure, it is certainly amenable to calculation, and is therefore not "irreparable" by retrospective money damages.
Plaintiff Cooke claims, however, that in addition to the monetary damages he has suffered and will suffer absent injunctive relief, the foreclosure of the bank's mortgages on the properties CT Page 8015 at issue and assumption of management by the bank will cause irreparable harm to his business reputation that could not be measured or remedied by money damages. To the extent that the business reputation of a land developer depends on his assets and ability to pay his bills, recovery of money damages could certainly be expected to restore plaintiff Cooke's business reputation. It is by no means clear, on the other hand, that the requested relief would prevent the deterioration of his business reputation, pending the resolution of his claims, since the order sought would leave him in the position of having unresolved foreclosure actions pending as to the projects at issue.
Moreover, the evidence revealed that Cooke conducts a number of businesses and that one, Cooke's Equipment Company, which guaranteed the bank's loan as to one of the properties at issue, has filed for bankruptcy. Cooke acknowledged that he has been personally sued by a number of creditors other than the bank, and it does not appear that the entry of the injunctive relief sought could reasonably be expected to have the desired protective effect on a business reputation already affected by these other events. A court of equity will not issue an order that will achieve no substantial or practical benefit. Sotire v. City of Stamford,19 Conn. App. 505, 514 (1989).
Applications for injunctions against the pursuit of other judicial proceedings must be approached with particular care. The plaintiffs concede that they have raised as defenses in the foreclosure actions pending in the Superior Court the very claims raised in the instant suit, and they have made no showing that they will be unable to present their claims in those proceedings, which are likely to be reached for trial sooner than the instant case. The bank has represented to this court that it has not made and will not make any effort to eliminate the issue of the withheld financing from those cases. There is no utility in entering an injunction that would prevent the Superior Court from adjudicating in other pending cases between the same parties the very issues that are raised in this suit.
The plaintiffs have failed to demonstrate that they satisfy the requirements for the relief they seek. Their application is denied.
BEVERLY J. HODGSON, J. JUDGE OF THE SUPERIOR COURT